tending to prove false representations made by the testator as an inducement to the defendant to enter into the contract with him, referred to in the moving papers. But the books an inspection of which is sought are of such a character, containing, as they do, the records of privileged and confidential statements of patients made to a deceased physician, that the order allowing extracts or data from them should not have been made. Marie Lowenthal swears that all of the entries in the books contain memoranda of information and communications received from the patients of the testator, who was, at the time the entries were made, a practicing physician. It is not shown that all the information the defendant desires from them for a legitimate purpose may not be had at the trial, as well as before the trial. Those books are in the possession of the plaintiff, and can very readily be produced at the trial under subpœna. The extent of the business of the plaintiff's testator, so far as that may be determined from the record of persons treated by him at his house, can be made just as available at the trial as before; and on the trial, under the direction of a discriminating judge, there can be no abuse of the right of examination of the books, or the betrayal of the confidential matter which is recorded in them.

The order appealed from should be reversed, and the motion denied, with $10 costs.

---

RAMSDELL v. NATIONAL RIVET & NOVELTY CO. et al.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

JUDGMENT BY DEFAULT—VACATION.

A motion to open a default taken against plaintiff, on the ground that he was too ill to travel from another state, was properly denied where it appeared that he had sent false statements as to his health, and that, at the time he claimed to be too ill to leave his house, he was transacting business at a place 50 miles therefrom.

Appeal from special term, New York county.

Action by Daniel M. Ramsdell against the National Rivet & Novelty Company and others for the appointment of an ancillary receiver. Judgment was entered against plaintiff by default, and from an order denying a motion to vacate the judgment, and open the default, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

John V. Bouvier, for appellant.
Frederic R. Kellogg, for respondents.

PATTERSON, J. The cause was duly and regularly upon the day calendar. The plaintiff's attorneys moved to postpone the trial, on the alleged ground of the serious illness of the plaintiff at his residence, in Indianapolis. It was claimed that he was a material and necessary witness, and that knowledge of his illness came to the plaintiff's attorneys after the cause had been removed from the general to the day calendar. Upon conflicting affidavits, the justice presiding at

the special term declined to postpone the trial; and thereupon the complaint was dismissed, and judgment of dismissal and for costs was entered against the plaintiff. Subsequently a motion, in due form and on notice, was made before another branch of the court, having cognizance of litigated motions, to vacate the judgment and open the default. Affidavits were presented on both sides, and after argument the motion was denied. Two justices of the court have passed upon the merits of the application, and it is apparent that both were convinced that the plaintiff not only imposed upon his own attorneys, but practiced a gross deceit upon the court, by exaggerating his condition of health, and pretending to be unable to travel to New York to attend the trial, when he could have done so, as was shown by the fact that he was transacting business at his own office, and at a place 50 miles distant therefrom. The deceit consisted in his sending false statements concerning his health,—that he was confined by illness to his house. It was evident to the court below that he was trifling with it, and that it suited his convenience to attend to his affairs at and near his home, rather than proceed with the trial of the cause here. We cannot say that the justice by whom this motion was decided took an erroneous view of the situation, and that is all it is necessary to say on the subject.

The order is affirmed, with $10 costs and disbursements. All concur.